162

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Gerald Frohnhoefer

v.

Barry N. Cain,
Individually
and as Executor
of the Estate of
Francis W. Frohnhoefer

October 16, 2006

Case No. CL 06002920

BY JUDGE LISA B. KEMLER

On October 11, 2006, I heard arguments on the Defendant's Demurrer[1] and the Plaintiff's Opposition and Cross-Motion for Summary Judgment. I took the matter under advisement, and, after reviewing the relevant authorities, I am of the opinion that summary judgment should be granted in favor of the Defendant.

### Factual Background

Francis Frohnhoefer died on May 19, 2006. The decedent was not married at the time of this death and the Plaintiff, Gerald Frohnhoefer, is the decedent's brother and sole heir at law. On May 31, 2006, the Last Will and Testament of Francis W. Frohnhoefer was admitted to probate and the Defendant, Barry Cain, qualified as Executor. Article II, paragraph B, of the

---

[1] In light of the fact that there is no issue as to either the testator's competency or undue duress, by agreement of the parties, the Demurrer is treated as a motion for summary judgment.

Will provides for seven specific pecuniary bequests, including a bequest in the amount of $5,000 to the Plaintiff. Specifically, that paragraph provides as follows:

B. *Specific Bequest.* To those of the following that survive me by 120 hours, I give, devise, and bequeath:

1. $5,000 to Inez Cameron, currently of Alexandria, Virginia;

2. *$5,000 to Gerald Frohnhoefer, currently of New York*;

3. $5,000 to Alyce Ann Berkamp, currently of Washington, D.C.;

4. $5,000 to Richard Baltz, currently of Flowood, Mississippi;

5. $1,000 to Alessi Bland, currently of Alexandria, Virginia;

6. $1,000 to Brenda Robinson Baptist now living in Maryland;

7. $10,000 to Regina Kehlringer, currently of Fort Lauderdale, Florida.

Except as otherwise provided, the shares of those who do not survive me by 120 hours shall pass into the rest and remainder of my estate.

(Emphasis added.)

Article II, paragraph C, of the Will consists of a remainder clause, which reads as follows:

C. *Remainder Estate.* I give, devise, and bequeath *all* of the rest and remainder of my estate to *BARRY N. CAIN*, currently of Alexandria, Virginia, if he shall survive me by 120 hours. In the event that he does not survive me by 120 hours, then I give, devise, and bequeath the rest and remainder of my estate to Saint Margaret's School, Middle Village, New York.

(Emphasis added.)

At the time of his death, the decedent owned a condominium in the City of Alexandria. The parties dispute whether the real estate was brought into the estate by the Will and, therefore, whether it passes to the Defendant under the residuary clause of the Will, or whether it passed directly to the Plaintiff as the decedent's heir. As a result, the Plaintiff filed a Complaint for Declaratory

Judgment requesting *inter alia*, a declaration that the real estate "is not a part of the Estate of Francis W. Frohnhoefer and that it passed by operation of law directly to his brother and heir at law, Gerald Frohnhoefer." The parties agree that the language of the Will is clear and unambiguous and the matter is ripe for a summary judgment.

*Ruling*

The issue to be decided is whether the decedent intended by his Will to dispose of his entire estate, real and personal. The law is well-settled that there is "a legal presumption that the testator intended to dispose of his entire estate" and "there is a strong presumption against partial intestacy." *Neblett v. Smith*, 142 Va. 840, 847 (1925) (quoting from *Coffman's Adm'r v. Coffman*, 131 Va. 456, 466 (1921)). In addition, the use of a "general residuary clause" militates against "adopting any construction of wills which leaves the testator intestate as to part of his estate, unless that result is absolutely unescapable." *Id.*

The Plaintiff argues that, "[w]hen a decedent dies, title to his real estate vests immediately in his heirs at law, subject to divestment by a valid will." *Estate of Hackler v. Hackler*, 44 Va. App. 51, 74, 602 S.E.2d 426 (2004), citing *Broaddus v. Broaddus*, 144 Va. 727, 742, 130 S.E. 794, 798-99 (1925). The Plaintiff argues further that "the intention to dispose of his estate must be manifested with legal certainty, otherwise the title of the heirs at law will prevail." *Neblett v. Smith*, 142 Va. at 848-49, 128 S.E. at 250. The Plaintiff contends that, because the remainder clause does not contain the words "real, personal, or mixed," following the words "all of the rest and remainder of my estate," the decedent's intention to dispose of his real estate cannot be determined with legal certainty.

The ordinary meaning of the word "all" is "the whole of." *Black's Law Dictionary*, 5th ed. (1979). Given the presumption against intestacy and based on the plain meaning of the words "all the rest and remainder of my estate" contained in the remainder clause which immediately follows the clause bequeathing specific amounts of cash to specific individuals, including his brother, I find that the decedent's intent to dispose of his entire estate, both real and personal, is clear and unequivocal.